### Ella R. Davis et al. v. J. L. Beall et al..

Decided May 6, 1903.

**1.—Judgment—Case Followed.**

The rulings on former appeal followed (Davis v. Beall, 21 Texas Civ. App., 183) to the effect that a judgment was conclusive on the defendant therein unless he showed a good defense to the action which he had been induced by the plaintiff not to make, or a valid contract releasing him from the judgment.

**2.—Same—Guardian—Compromise—Judgment.**

The guardian of the estate of minors can not, without authority from the probate court, compromise the claims of his wards by releasing a judgment defendant from liability.

**3.—Same—Charge.**

Charge held misleading as liable to be understood, though not expressly asserting, that a compromise and release of a judgment by a guardian, without authority from the probate court, was valid.

Appeal from the District Court of Hunt. Tried below before Hon. H. C. Connor.

*Chas. Crenshaw* and *Byrd & Mead,* for appellants.

*Montrose & Starnes* and *L. A. Clark,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case, the former being reported in 21 Texas Civ. App., 183, to which reference is made for a statement of the nature of the suit.

Without considering in detail the numerous assignments of error, we hold that appellee Beall is bound by the judgment against which he sought relief, unless he proves, as alleged in his petition, that he had a valid defense to the suit and was induced by the defendants, in the manner and by the means alleged, not to make his defense; or unless he shows that since the rendition of that judgment the same has been paid or a valid contract entered into between himself and the owners of the judgment, by which he was to be released.

We also hold, as was held on the former appeal, that Major Grubbs, as guardian of the estate of the minor heirs of R. M. Grubbs, could not, without authority of the probate court, compromise the claim of his wards and release Beall from liability thereon.

Rulings of the court below, and especially its charge to the jury, were not in harmony with these views. The court instructed the jury as follows:

"If you believe from the evidence that the judgment in the case of Ella R. Davis et al. v. J. L. Blain, R. H. Long and J. L. Beall has been fully paid off and satisfied by J. L. Blain to the defendants or their duly authorized agents, then in that event you will find for the plaintiff. Or if you believe from the evidence that at the time said judgment was rendered, or at any time thereafter, the defendants herein or duly authorized agents, entered into an agreement whereby J. L. Blain was to take charge of the mill property as his own and run it and pay off said judgment, and that the defendants herein were to look to him alone for the payment of said judgment, then you are instructed that the plaintiff Beall would no longer be liable on said judgment, and if you so believe you will find for the plaintiff, even though you may believe that Blain did not, in fact, pay off any part of said judgment, but unless you believe that Blain paid off and satisfied said judgment, or that the defendants were to look to Blain alone for said judgment, you will find for the defendants."

While this charge does not expressly state that transactions with the guardian would be binding upon the wards, we think it was calculated

to mislead the jury and cause them to believe that the wards would be bound by an agreement made by their guardian to the effect that Beall was to be released from the judgment.

On the other points, we rule against appellants.

Judgment reversed and cause remanded.

*Reversed and remanded.*